MOORE, Chief Justice
(dissenting).
Carolyn Chron McElemore was convicted of second-degree theft of property for shoplifting more than $250 of goods from a Sears Roebuck & Company store in Jefferson County. At trial, McElemore’s counsel timely objected to the prosecutor’s peremptory challenges, arguing that they were based on the race of the potential jurors, and therefore violated the standard set forth by the United States Supreme Court in Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).
The trial court rejected this contention, finding that the prosecutor had shown a race-neutral basis for the strikes. Following her conviction, Ms. McElemore appealed to the Court of Criminal Appeals, arguing that the prosecutor had violated the Batson standard. That court reversed the judgment of conviction and remanded, holding that the record proved that as to certain peremptory strikes the prosecutor had violated the Batson standard. McElemore v. State, 798 So.2d 698 (Ala.Crim.App.2000). This Court granted the State’s petition for a writ of certiorari, to consider whether the trial court had properly applied Batson to the specific facts of this *703 case. I respectfully dissent from the order quashing that writ.
Peremptory challenges have been a facet of trials since the earliest days of English legal history. In his Commentaries on the Laws of England, Sir William Blackstone wrote that such strikes were distinguishable from challenges for cause precisely because they were “arbitrary and capricious.” 4 William Blackstone, Commentaries *346. Further proof of their inconsistent nature, according to page 389 of Book 4, was that they were permitted in all criminal trials except capital cases. Blackstone, a proponent of peremptory challenges, explained that the English legal system’s purpose in using these strikes was to enable the defendant to strike the potential jurors viewed as most likely to be adverse to his or her position, even in the absence of enough proof to strike them for cause. Later, English courts extended this option to the prosecutor as well.
In Harrell v. State, 555 So.2d 263, 268 (Ala.1989), quoting Batson, supra, 476 U.S. at 93, 106 S.Ct. 1712, this Court recognized: “Batson demands that ... the trial court ‘must undertake “a sensitive inquiry into such circumstantial and direct evidence of intent as may be available.” ’ ” An appellate court “ ‘may only reverse the trial judge’s determination that the prosecution’s peremptory challenges were not motivated by intentional discrimination if that determination is clearly erroneous ....’” Ex Parte Branch, 526 So.2d 609, 625 (Ala.1987), quoting Branch v. State, 526 So.2d 605, 608 (Ala.Crim.App.1986), quoting, in turn, United States v. Mathews, 803 F.2d 325, 330 (7th Cir.1986).
“ ‘In the typical challenge inquiry, the decisive question will be whether [counsel’s] race-neutral explanation for a peremptory challenge should be believed. There will seldom be much evidence bearing on that issue, and the best evidence will often be the demeanor of the attorney who exercises the challenge. As with the state of mind of a juror, evaluation of the prosecutor’s state of mind based on demeanor and credibility lies particularly within a trial judge’s province.’ ”
Clark v. State, 621 So.2d 309, 315 (Ala.Crim.App.1992), quoting Hernandez v. New York, 500 U.S. 352, 365, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991).
Much of the focus of the Court of Criminal Appeals’ opinion was on the use of peremptory strikes against veniremembers 235 and 251. I find the reasons and distinctions stated by the prosecutor to be adequately race-neutral, as did the trial court. Claims that similarly situated white veniremembers were not struck fail, because the record reflects that their retail experience was legitimately distinguishable. That one peremptory strike was based on the prosecutor’s mistaken memory is not sufficient to show a Batson violation, because the trial court found that the prosecutor’s mistake was the result of an honest, race-neutral belief. See Reese v. City of Dothan, 642 So.2d 511 (Ala.Crim.App.1993). Finally, I cannot help noticing that 8 of the 14 veniremembers ultimately selected (12 jurors plus two alternates) were, in fact, African-American.
Peremptory challenges, by their very nature, are inherently based on instinct and experience — not in-depth psychological profiles and extensive background research. Because of that fact, appellate courts are very poorly positioned to second-guess trial courts. Accordingly, on these facts, I would reverse the judgment of the Court of Criminal Appeals and remand with instructions to reinstate McEle-more’s conviction.